IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KATRINA HARRIS,                *

    Plaintiff,             *

v.                             *      Civil Action No. GLR-16-3070

OFFICER MATTHEW SURVELL,[1]    *

    Defendant.             *

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendant Officer Matthew Survell's ("Officer Survell") Motion to Dismiss or, in the alternative, Motion for Summary Judgment (ECF No. 11).[2] The Motion is fully briefed and ripe for disposition. No hearing is necessary. See Local Rule 105.6 (D. Md. 2016). For the reasons that follow, the Court will construe Officer Survell's Motion as one for summary judgment and grant it.

### I.    BACKGROUND

Plaintiff Katrina Harris filed this civil rights action on September 2, 2016. (ECF No. 1). Harris is a state inmate incarcerated at the Maryland Correctional Institution for Women. (See id.). Harris alleges that on the afternoon of December 8, 2015, while a pretrial detainee at the Carroll County, Maryland Detention Center ("CCDC"), Officer Survell "assault[ed]" and "abused" her with "excessive force" when he grabbed her arm and threw her to the ground. (Id. at 3). Harris suffered a swollen, bruised, and sprained wrist. (Id.). She alleges that following the altercation with Officer Survell, she was "denied medical" treatment. (Id.). Harris seeks $300,000 for pain and suffering, emotional distress, and medical expenses. (Id.).

---

[1] The Clerk shall amend the docket to reflect Defendant Survell's full name.
[2] Officer Survell is the sole remaining Defendant. On October 31, 2016, the Court dismissed Defendants Carroll County Detention Center and Warden Hardin. (ECF No. 4).

On December 22, 2016, Officer Survell filed the present Motion to Dismiss or, in the alternative, Motion for Summary Judgment. (ECF No. 11). The Motion was fully briefed as of February 6, 2017. (See ECF Nos. 16, 17).

## II. DISCUSSION

### A. Standard of Review

#### 1. Converting Motion to Dismiss to Motion for Summary Judgment

Officer Survell styles his Motion as a motion to dismiss under Rule 12(b)(6) or, in the alternative, for summary judgment under Rule 56. A motion styled in this manner implicates the Court's discretion under Rule 12(d). See Kensington Vol. Fire Dept., Inc. v. Montgomery Cty., 788 F.Supp.2d 431, 436–37 (D.Md. 2011), aff'd sub nom., Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., 684 F.3d 462 (4th Cir. 2012). This Rule provides that when "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d). The Court "has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" Wells-Bey v. Kopp, No. ELH-12-2319, 2013 WL 1700927, at *5 (D.Md. Apr. 16, 2013) (quoting 5C Wright & Miller, Federal Practice & Procedure § 1366, at 159 (3d ed. 2004, 2012 Supp.)).

The United States Court of Appeals for the Fourth Circuit has articulated two requirements for proper conversion of a Rule 12(b)(6) motion to a Rule 56 motion: notice and a reasonable opportunity for discovery. See Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor of Balt., 721 F.3d 264, 281 (4th Cir. 2013). When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion

2

under Rule 12(d) may occur. See Moret v. Harvey, 381 F.Supp.2d 458, 464 (D.Md. 2005). The Court "does not have an obligation to notify parties of the obvious." Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 261 (4th Cir. 1998).

Ordinarily, summary judgment is inappropriate when "the parties have not had an opportunity for reasonable discovery." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). Yet, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002) (quoting Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996)). To raise sufficiently the issue that more discovery is needed, the non-movant must typically file an affidavit or declaration under Rule 56(d), explaining the "specified reasons" why "it cannot present facts essential to justify its opposition." Fed.R.Civ.P. 56(d).

The Fourth Circuit has warned that it "'place[s] great weight on the Rule 56[d] affidavit' and that 'a reference to Rule 56[d] and the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for a Rule 56[d] affidavit.'" Harrods, 302 F.3d at 244 (quoting Evans, 80 F.3d at 961). Failing to file a Rule 56(d) affidavit "is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate." Id. (quoting Evans, 80 F.3d at 961).

Here, the parties were on notice that the Court might resolve Officer Survell's Motion under Rule 56 because Officer Survell styles his Motion in the alternative for summary judgment and presents extensive extra-pleading material for the Court's consideration. See Moret, 381 F.Supp.2d at 464. Harris neither files a Rule 56(d) affidavit nor makes a more informal request for discovery. Instead, she attaches her own extra-pleading material to her opposition

3

memorandum. (ECF No. 16-1). Accordingly, the Court will construe Officer Survell's Motion as one for summary judgment.

### 2. Motion for Summary Judgment

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the nonmovant, drawing all justifiable inferences in that party's favor. Ricci v. DeStefano, 557 U.S. 557, 586 (2009); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when the movant demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a), (c)(1)(A).

Once a motion for summary judgment is properly made and supported, the burden shifts to the nonmovant to identify evidence showing there is genuine dispute of material fact. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). The nonmovant cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985) (citation omitted).

A "material fact" is one that might affect the outcome of a party's case. Anderson, 477 U.S. at 248; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citing Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; accord Hooven-Lewis, 249 F.3d at

265. A "genuine" dispute concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. Anderson, 477 U.S. at 248. If the nonmovant has failed to make a sufficient showing on an essential element of her case where she has the burden of proof, "there can be 'no genuine [dispute] as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986).

**B.  Analysis**

  **1.  Failure to Exhaust Administrative Remedies**

The Court will grant Officer Survell's Motion because it is undisputed that Harris failed to exhaust administrative remedies.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) (2012), requires a prisoner confined in a jail, prison, or other correctional facility to exhaust available administrative remedies before filing a federal suit challenging the conditions of confinement. "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Haskins v. Hawk, No. ELH-11-2000, 2013 WL 1314194, at *8 (D.Md. Mar. 29, 2013) (quoting Jones v. Bock, 549 U.S. 199, 211 (2007)). "Proper exhaustion" is required, "which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)).

The PLRA explicitly provides that a prisoner must exhaust the administrative remedies that are "available" to him. 42 U.S.C. § 1997e(a). Although the PLRA does not define the term "available," the United States Court of Appeals for the Fourth Circuit has "held that 'an administrative remedy is not considered to have been available if a prisoner, through no fault of

his own, was prevented from availing himself of the administrative remedy.'" Graham v. Gentry, 413 F.App'x 660, 663 (4th Cir. 2011) (quoting Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008)). More recently, in Ross v. Blake, 136 S. Ct. 1850 (2016), the United States Supreme Court identified three circumstances in which an administrative remedy is unavailable: (1) "when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmate," Ross, 136 S.Ct. at 1859; (2) when an administrative scheme is "so opaque that it becomes, practically speaking, incapable of use" because "no ordinary prisoner can discern or navigate it," id.; and (3) when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation," id. at 1860.

In Maryland, the administrative remedy process ("ARP") is a three-step process. To show failure to exhaust, the defendant must demonstrate that the plaintiff failed to appeal her grievance through all three steps. Filing a request for administrative remedy with the warden of the prison is the first step. See Md.Code Regs. § 12.07.01.04 (2017). The ARP request must be filed within thirty days of the date on which the incident occurred, or within thirty days of the date the inmate first gained knowledge of the incident or injury giving rise to the complaint, whichever is later. Id. § 12.07.01.05A. If the request is denied, a prisoner has thirty calendar days to file an appeal with the Commissioner of Correction—which is the second step. Id. § 12.07.01.05C. If the appeal is denied, the prisoner has thirty days to file a grievance with the Inmate Grievance Office ("IGO")—which is the third step. See Md.Code Ann., Corr.Servs. §§ 10-206, 10-210 (West 2017); Regs. §§ 12.07.01.03, 12.07.01.05B.

Here, it is undisputed that did not file an ARP requests related to the December 8, 2015 incident. (See ECF No. 11-19 at 2). In fact, it is uncontroverted that Harris did not file a single ARP during the entire time that she was incarcerated at CCDC. (See id.). Harris appears to

6

argue that administrative remedies were unavailable as a matter of law because she filed ARP requests on other occasions, but the remedies she requested were never provided. (See ECF No. 16 at 6). The Supreme Court, however, has held that exhaustion is mandatory regardless of the relief offered through an administrative remedy procedure. See Booth v. Churner, 532 U.S. 731, 741 (2001). Moreover, to the extent the Court could read Harris's opposition memorandum as contending that one of the circumstances in Ross is present here, Harris fails to present any evidence from which a reasonable jury could find that one of those circumstances is, in fact, present. The Court, thus, concludes that Harris failed to exhaust administrative remedies. Accordingly, the Court will grant Officer Survell's Motion and enter judgment in his favor.[3]

### III. CONCLUSION

For the foregoing reasons, the Court will construe Officer Survell's Motion (ECF No. 11) as one for summary judgment and grant it. A separate Order follows.

Entered this 22nd day of June, 2017

/s/
_____
George Levi Russell, III
United States District Judge

---

[3] In her opposition memorandum, Harris attempts to raise claims for racial and religious discrimination and failure to provide access to the courts. (See ECF No. 16). The Court will not address these attempted claims because Harris cannot amend her Complaint with her opposition brief. Zachair, Ltd. v. Driggs, 965 F.Supp. 741, 748 n.4 (D.Md. 1997) aff'd, 141 F.3d 1162 (4th Cir. 1998).